John Kauffman (SBN 302422)
john.kauffman@lawhq.com
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Jessica Rubottom, | Case No.: 8:23-cv-1879 |
|---|---|
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 |
| Fund 411 Inc., Fundmerica Inc., Marie Rubin, and Robert Beebe | |
| Defendants. | DEMAND FOR JURY TRIAL |

### INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Defendants' Fund 411 Inc. ("Fund 411"), Fundmerica Inc. ("Fundmerica"), Marie Rubin ("Rubin"), and Robert Beebe ("Beebe"), collectively

1

("Defendants"), have contributed to this barrage of telephone spam by initiating illegal telephone calls to Plaintiff Jessica Rubottom ("Rubottom").

3. Rubottom wants this telephone spam to stop.

4. Rubottom brings this action individually, and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

7. Divisional Assignment: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Rubottom's claims occurred in Orange County, California.

## PARTIES

8. Plaintiff Jessica Rubottom is a resident of Surprise, Arizona

9. Defendant Fund 411 Inc. is a California-registered Stock Corporation with its principal place of business in Anaheim, California.

10. Fundmerica Inc. is a California-registered Stock Corporation, now terminated, but still operating with an active domain and website, with its principal place of business in Anaheim, California.

11. Defendant Marie Rubin was Chief Executive Officer, and only officer listed for Fundmerica, a terminated corporate entity in California but still operating

with a domain and website at the time that the TCPA violations occurred. Rubin is a resident of Huntington Beach, California.

12. Defendant Robert Beebe is President/CEO, the only officer of Fund 411, Inc., and a resident of Huntington Beach, California.

## FACTUAL ALLEGATIONS

13. Rubottom's home, phone, and privacy been invaded by Defendants' non-emergency telephone calls and pre-recorded messages.

14. Rubottom is the residential subscriber of the cell phone number 435-773-8542. Rubottom uses this phone number at home. Rubottom makes and takes personal calls and text messages on this phone number.

15. Rubottom registered the number, 435-773-8542, on the national Do Not Call Registry ("DNCR") on May 11, 2017.

16. Defendants have initiated telephone calls to Rubottom at least three times, including the following:

  i. Call from +14359903905 on Jul 13, 2023 at 3:44pm UTC.

  ii. Voicemail from +14359903905 on Jul 13, 2023 at 3:45pm UTC
      Hello, this is an important message regarding your company you've been preapproved for business line of credit up to $175,000 with rates starting out of 4.9 percent. However, it is imperative that we speak with you as soon as possible before this preapproval expires. Press one now to speak to your finance manager, press two to be placed on the do not call list.

  iii. Voicemail from +14352408235 on Sep 21, 2023 at 4:58pm UTC
       Hi, this is Erica calling with the funding department at 2 Easy Capital, I am following up on a piece of mail we sent your company regarding a preapproval for a business line of credit or equipment financing up to $116,000 with a rates starting out of 4.9 percent. Your personal credit scores are not a factor. This pre-approval is based on your business industry and cash flow, however it is imperative that I speak with you as soon as possible

3

before this offer expires. You can reach me directly at 1-800-399-0194. Again, my number is 1-800-399-0194. I look forward to speaking with you, and I hope you have a great day.

17. Defendants initiated these calls while leaving prerecorded messages for Rubottom. The calls sounded like a recording. In one voicemail the caller gave instructions regarding pushing a number to get various options, something a person would not do.

18. Multiple other people, i.e., clients of Rubottom's counsel, have received similar calls. Voicemails were left with these clients which included a voicemail message—including the intonation, pauses, etc.—that were the same or extremely similar to the messages left for other people and to Rubottom. For instance, the following two messages were sent to two other clients of Rubottom's counsel from Fund 411 near same time period that Rubottom received her messages:

   i. Voicemail from +143990305 on Oct. 4, 2023 at 9:30 pm UTC
      Hi, this is Amanda calling with the funding department at Business Loan Services, I am following up on a piece of mail we sent your company regarding a preapproval for a business line of credit or equipment financing up to $165,000 with a rates starting out of 4.9 percent. Your personal credit scores are not a factor. This pre-approval is based on your business industry and cash flow, however it is imperative that I speak with you as soon as possible before this offer expires. You can reach me directly at 1-888-239-5986. Again, my number is 1-888-239-5986. I look forward to speaking with you, and I hope you have a great day.

   ii. Voicemail from +143990305 on Sept. 25, 2023 at 7:40 pm UTC
       Hi, this is Haley calling with the funding department at 2 Easy Capital, I am following up on a piece of mail we sent your company regarding a preapproval for a business line of credit or equipment financing up to $122,000 with a rates starting out of 4.9 percent. Your personal credit scores are not a factor. This pre-approval is based on your business industry and cash flow, however it is imperative that I speak with you as soon as possible before this offer expires. You can reach me directly at

1-800-431-3198. Again, my number is 1-800-431-3198. I look forward to speaking with you, and I hope you have a great day.

19. Defendants did not disclose their true business identity as caller in the two prerecorded voice messages left for Rubottom. Instead, they used an alias like "A2 Easy Credit" or "Business Loan Services." By information and belief, Defendants used an alias in an attempt to hide their true business entity name.

20. Defendants left their callback number, 1-800-399-0194, on the second voice mail message for Rubottom. When that number was called back, the person on the other end of the line stated that his company was a lender offering business loans. This person then sent an email from app@fundmerica-loans.com with a loan application located at the domain of "fundmerica-loans.com."

21. Fundmerica was an entity that had a Better Bureau of Business page stating that its principal place of business was in Arizona and its Chief Executive Officer was Marie Rubin. Fundmerica was registered in California as a Stock Corporation on February 1, 2019, but later "terminated," on September 24, 2020, according to the California Secretary of State's business entities site.

22. Fundmerica's registered agent, Chief Executive Officer, Secretary, Chief Financial Officer, and Director were all Marie Rubin, with an address of 160 S. Old Springs Road #224, Anaheim, CA, 92808 according to the California Secretary of State's website. Rubin, on her Linkedin page, identifies her title as "President" of Fundmerica (See: https://www.linkedin.com/in/marie-t-rubin-58b5903/).

23. The termination of Fundmerica was initiated with a signed Certificate of Dissolution by Robert Beebe, identifying himself as the sole director of Fundmerica.

5

24. Fundmerica has been sued at least three times for violations of the TCPA (See *Scofield v. Fundmerica*, 1:22-cv-00627, D.Colo, March 13, 2022; *Stewart Smith v. Fundmerica Inc., et. al.* 8:20-cv-00969, C.D.Cal., May 27, 2020; *Burton v. Fundmerica Inc.,* 8:19-cv-00119, D.Neb., March 20, 2019). In the Burton case, it was revealed that Robert Beebe owned and controlled the domain name of Fundmerica.com and Beebe's Linkedin profile page states that he has been the "Director" for Fundmerica since October of 2017 (See: https://www.linkedin.com/in/robert-b-6b4a6871/).

25. Although Fundmerica is now terminated, Beebe is listed as the registered agent, as well as Chief Executive Officer, Secretary, Chief Financial Officer, and Director for Fund 411, Inc. another Stock corporation, registered in California, with the exact same physical address as Fundmerica's previous active address, i.e., 160 S. Old Springs Road #224, Anaheim, CA. 92808.

26. Fundmerica's domain and website is still active. On information and belief, Fundmerica, although legally terminated in California, is still active selling and marketing its loan products and services to the public or is a dba of Fund 411 (See active website link for Fundmerica: https://www.Fundmerica-loans.com).

27. Fund 411 is an active Stock Corporation in good standing with the Secretary of State of California. By information and belief, Beebe and/or Rubin own(ed) and operate(ed) the entity Fund 411, and Fundmerica.

28. In both prerecorded voice messages left to Rubottom, Defendants were attempting to sell their loan products and services, ranging from a 'preapproved business line of credit up to $175,000" to a "business line of credit or equipment financing up to $116,000…"

29. Defendants identified themselves as A2 Easy Credit as their entity name multiple times in multiple calls to Rubottom and others as they continued to sell their loan products and services despite having dissolved their original state-registered entity, i.e., Fundmerica, and replacing it with another, i.e., Fund 411.

30. Rubottom never provided her phone number to Defendants, never had a relationship with the Defendants, and never gave permission for Defendants to send any type of communication.

31. Defendants' calls are a nuisance and annoyance to Rubottom. The calls have invaded Rubottom's privacy. The spam has diminished the value of Rubottom's phone and Rubottom's enjoyment of life.

32. The calls were especially intrusive, frustrating, and annoying to Rubottom because Defendants purposefully hid their identity when calling her and leaving the prerecorded messages. Rubottom had no idea who was spamming, whether the spammer was somebody whom Rubottom had previously told to stop, or whether it was safe for Rubottom to make a do-not-call request. By not disclosing Defendants' true identity, Defendants knowingly tried to prevent Rubottom from monitoring and enforcing compliance with the TCPA.

## LEGAL STANDARD

33. **Prerecorded or Artificial Voice**. The TCPA prohibits calls to cell phones using an "artificial or prerecorded voice" except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

34. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

35. **Identification of Caller**. The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

36. **Personal Liability**. Individuals may be personally liable for TCPA violations when the individual "actually committed the conduct that violated the TCPA, and/or actively oversaw and directed this conduct." *City Select Auto Sales Inc. v. David Randall Assocs.*, 855 F.3d 154, 162 (3d Cir. 2018); see also 47 U.S.C. § 217.

## CLASS ACTION ALLEGATIONS

37. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Rubottom brings this action on behalf of all other persons similarly situated throughout the United States.

38. Rubottom proposes the following Classes:

> **The Prerecorded Voice Class**
> All people in the United States (1) to whom Defendants initiated one or more calls to their cellular telephone, (2) using a prerecorded or

artificial voice, (3) within the last four years from the filing of this action.

**The DNCR Class**
All people in the United States (1) to whom Defendants initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) within the last four years from the filing of this action.

**The Failure to Identify Class**
All persons in the United States (1) to whom Defendants initiated more than one telemarketing call or text message within any 12-month period, (2) to their cellular telephone number, (3) without disclosing the name of the individual initiating the calls and the name of the entity on whose behalf the calls were made, (4) within the last four years from the filing of this action.

39.  Rubottom does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

40.  Class members are identifiable through phone records and phone number databases.

41.  There are questions of law and fact common to Rubottom and the class member including but not limited to:

   i.  Whether Defendants initiated the calls.
   ii.  Whether Defendants' calls violated the law.
   iii.  Whether Rubottom and class members are entitled to statutory damages, trebled damages, and injunctive relief.

42.  Rubottom's claims are typical of the claims of the class members. Rubottom's claims, like the class members' claims, arise out of the same common

course of conduct by Defendants and are based on the same legal and remedial theories.

43. Rubottom is an adequate representative of the class because Rubottom's interests do not conflict with the interests of the class members, Rubottom will fairly and adequately protect the interests of the class members, and Rubottom is represented by counsel skilled and experienced in class actions, including TCPA class actions.

44. Common questions of law and fact predominate over questions affecting only individual class members.

45. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

46. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Illegal Use of a Prerecorded or Artificial Voice**
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

47. Fund 411 and Fundmerica violated 47 C.F.R. § 64.1200(a)(1)-(2) by using a prerecorded or artificial voice without consent and without an emergency

purpose when initiating calls to Rubottom and members of the Prerecorded Voice Class.

48. Rubin and Beebe directly controlled, authorized, and/or participated in initiating the calls and are therefore personally liable for the calls.

49. Rubottom and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

50. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

51. The court should enjoin such violations. *Id.*

## SECOND CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
### (On Behalf of Rubottom and the Do Not Call Class)

52. Fund 411 and Fundmerica violated 47 C.F.R. § 64.1200(c)(2) by initiating calls to Rubottom and members of the DNCR Class while their phone numbers were on the DNCR.

53. Rubin and Beebe directly controlled, authorized, and/or participated in initiating the calls and are therefore personally liable for the calls.

54. Rubottom and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

55. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

56. The court should enjoin such violations. *Id.*

# THIRD CAUSE OF ACTION
## Failure To Identify
### (On Behalf of Rubottom and the Failure to Identify Class)

57. Fund 411 and Fundmerica violated 47 C.F.R. § 64.1200(d)(4) by initiating calls to Rubottom and members of the Failure to Identify Class without disclosing the name of the individual initiating the calls and the true name of the person or entity on whose behalf the calls were made.

58. Rubin and Beebe directly controlled, authorized, and/or participated in initiating the calls and are therefore personally liable for the calls.

59. Rubottom and members of the Failure to Identify Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

60. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

61. The court should enjoin such violations. *Id.*

## RELIEF REQUESTED

Rubottom respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Rubottom as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Rubottom and class members, as allowed by law;

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Rubottom requests a jury trial as to all claims of the Complaint so triable.

DATED: October 6, 2023

                                                Respectfully submitted,

                                                */s/ John Kauffman*
                                                John Kauffman